UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 03-20097 |
| | ) | |
| | ) | |
| **WILLIE ANTWON JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

On November 1, 2005, Defendant Willie Antwon Johnson filed a Motion in Limine to Exclude Unreliable Information in the Presentence Report and Exclude Transcript of Taped Conversations of January 9 and 10, 2002 (#74). The Government filed its Response (#77) on November 23, 2005. In his motion in limine, Defendant asks this court to exclude from the presentence report all information identified in Defendant's objections unless the Government first makes a proffer prior to the sentencing hearing that the information is reliable. However, the law does not require such a proffer. Generally, a court is entitled to rely on the PSR in ruling on factual issues in the sentencing context so long as the PSR is based on sufficiently reliable information. United States v. Willis, 300 F.3d 803, 807 (7th Cir. 2002). "[A] defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth; rather, the defendant must produce some evidence that calls the reliability or correctness of the alleged facts into question." Willis, 300 F.3d at 807. "If the defendant offers no more than a bare denial, the court is entitled to rely entirely on the PSR." Willis, 300 F.3d at 807. Thus, it will be Defendant's burden at the sentencing hearing to demonstrate some reason for this court to call into question the reliability of the information contained in the presentence report.

Defendant also asks this court to exclude transcripts of taped telephone conversations due to alleged inaccuracies in the transcripts. The Government indicates in its Response that it would not object to Defendant Johnson playing the audio tapes at sentencing. While this court agrees that the audio tapes and not the transcripts are the evidence of conversations, this court sees no reason to listen to all of the tapes at sentencing. Should Defendant wish to play portions of the tapes which he believes are inaccurately reflected in the transcripts, the court will allow those portions of the tapes to be played. Therefore, Defendant's Motion in Limine (#74) is GRANTED in part and DENIED in part.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion in Limine (#74) is GRANTED in part and DENIED in part.

(2) This case remains set for sentencing on December 6, 2005, at 9:30 a.m.

ENTERED this 30th day of November, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE